THE VENUS.

(District Court, E. D. Louisiana. May 11, 1910.)

No. 14,214.

NEUTRALITY LAWS (§ 4*)—FORFEITURE OF VESSEL—ENFORCEMENT—AUTHORITY
TO SUE IN NAME OF UNITED STATES—APPEARANCE BY ATTORNEY GENERAL.
Libel instituted by an informer against a vessel for forfeiture thereof
for violating Rev. St. § 5283 (U. S. Comp. St. 1901, p. 3599), prohibiting
the arming of vessels against people at peace with the United States,
was criminal in its nature, maintainable only in the name of the United
States, either express or implied, and primarily for her use and benefit;
and hence the Attorney General may intervene and move to dismiss the
libel, regardless of the rights of the informer.

[Ed. Note.—For other cases, see Neutrality Laws, Dec. Dig. § 4.*]

Libel by Albert J. Olivier against the steamship Venus to forfeit the
vessel for alleged violation of Rev. St. § 5283 (U. S. Comp. St. 1901,
p. 3599), prohibiting the arming of vessels against people at peace with
the United States. Dismissed.

Armand Romain, for libelant.

Jno. D. Grace and Sol. Wolff, for claimant.

Charlton R. Beattie, U. S. Atty., and W. J. Waguespack, Asst. U.
S. Atty.

FOSTER, District Judge. In this case libelant caused the seizure
of the steamship Venus, alleging that vessel to be forfeited to the
United States, one-half to his use as informer, by reason of her viola-
tion of section 5283, Rev. St. (U. S. Comp. St. 1901, p. 3599), now
merged into section 11 Cr. Code. Act March 4, 1909, c. 321, 35 Stat.
1090 (U. S. Comp. St. Supp. 1909, p. 1393). Thomas F. Hyland ap-
peared as claimant and filed certain exceptions to the libel. At the
hearing of these exceptions the United States attorney appeared, and
by direction of the Attorney General intervened in the suit and moved
to dismiss the libel.

It was strenuously urged by libelant that the United States was
without the right to intervene in the case, that he, as informer, had
standing in court to sue for the forfeiture of the ship, not depending
in any way upon the action of the government.

I cannot agree with this view. Libelant's rights do not arise from
either tort or contract, but merely from the grace of the government
in allowing to informers one-half of the penalty recovered. It may
be that he had the right to institute the action, but as to this I express
no opinion. It is certain, however, that the United States had the
right to intervene, as, no matter by whom instituted, the action is crim-
inal in its nature, and could only be in the name of the United States,
express or implied, and primarily for her use and benefit. The
United States having intervened, any action taken by her is par-
amount. When she moved to dismiss the libel, it was necessarily the
end of the case.

For these reasons, the motion for a new trial will be denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes